[No. 23279. Department Two. December 17, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Marjorie Roberts et al., Plaintiff*, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY *et al., Respondents.*[1]

*A. E. Dailey,* for plaintiffs.

*Q. A. Kaune,* for respondents.

BEALS, J.—This matter comes before us by way of a writ of review sued out by petitioners, who complain of an order of the superior court dismissing their application for condemnation of a private way of necessity across real property owned by Julius and Eliza Wetstein, who will be herein referred to as the respondents. Concerning the physical situation of the property in question, it is sufficient to say that it is entirely surrounded by the land of respondents, and that the owner of this property would, under ordinary circumstances, be entitled to condemn a private way of

[1]Reported in 5 P. (2d) 1037.

necessity for the purpose of allowing ingress and egress.

Petitioner Marjorie Roberts is a daughter of Oscar and Anna Anderson, who, for several years, owned and resided upon the property with which we are here concerned and another non-contiguous tract in the same block. Oscar Anderson is an alien, and in 1921 applied for naturalization as an American citizen, which application he did not seasonably prosecute, no certificate of naturalization ever having been granted him. Notwithstanding this situation, Mr. Anderson instituted a proceeding for the purpose of condemning a private way of necessity to the tract of land with which we are here concerned, which proceeding was dismissed upon the ground that an alien cannot maintain a proceeding for the condemnation of real estate. Mr. and Mrs. Anderson then deeded their home tract, which is the basis of this proceeding, to their daughter, who, together with her husband, instituted the proceeding for condemnation which resulted in the order here sought to be reviewed.

On the hearing in the superior court, petitioners testified with a wealth of detail that they had paid to Mr. Anderson eight hundred fifty dollars for the land. The trial court was of the opinion that petitioners had testified falsely in stating that they had paid eight hundred fifty dollars, or any other substantial sum, for the property, and that, for this reason, and because it clearly appeared from the evidence that Mr. and Mrs. Anderson were still in possession of the property, paying taxes thereon, paying no rent therefor to petitioners, and with the manifest intention on the part of all parties concerned that Mr. and Mrs. Anderson should reside on the property rent free as long as they wished, it should be held that the deed relied on

by petitioners was colorable merely, conveyed to them no title, and that Mr. and Mrs. Anderson were the real parties in interest in the condemnation proceeding.

It is, of course, true that under our law an alien may not condemn real estate. If, therefore, the deed to petitioner Marjorie Roberts is in fact colorable merely, and petitioners are mere trustees for Mr. and Mrs. Anderson, the trial court rightly refused to grant to petitioners the right to condemn the private way which they sought.

It is doubtless the law, as argued by petitioners, that an alien may, before office found, convey good title to real estate. Mr. and Mrs. Anderson could, therefore, by deed of gift, without any consideration at all, convey their home to their daughter. The difficulty with the situation here presented is that the trial court, who saw and heard the witnesses, was of the opinion that petitioners had testified falsely concerning the origin of their title, and that the deed from Mr. and Mrs. Anderson to petitioners in fact conveyed to petitioners no actual title at all, but simply vested in them the bare legal title as trustee for the Andersons.

Without reviewing the testimony in detail, it is sufficient to say that we have read the statement of facts, and that we entirely agree with the trial court in concluding that petitioners' testimony that they had paid to Mr. Anderson eight hundred fifty dollars cash for the property is not credible. It passes belief that, under all the circumstances disclosed by the record, such an amount of money could have been paid by petitioners to Mr. Anderson. In its memorandum decision, the trial court said:

"Now if these petitioners had come here to tell me plainly and unequivocally that the father and the mother gave this lot to the daughter, I am frank to say I would not have had the hesitancy that I feel now

when they come here and try to prove that they paid value for this lot. Petitioners have not come here and based their right to ownership upon anything less than the actual payment of money as a consideration of a valuable nature for the transfer of this title to them. While I would not be inclined to hold that parents and a daughter must in business transactions be prepared to submit to all the formalities as by way of contracts and notes and receipts that those who do not stand in such relation would be required to do, were their transactions questioned, yet I freely admit that there are circumstances here that give rise in my mind to much doubt as to whether or not this is no more or less than the effort of the father and the mother to get that indirectly which they could not get directly by virtue of the judgment or the ruling in the previous case.''

While it is true that, where it clearly appears that a parcel of real estate is entirely surrounded by land resting in other ownership, it is the law that the isolated tract shall enjoy the privilege of condemnation of what is actually a private way of necessity, on the other hand, persons who seek aid from the courts must tell the truth, and cannot by false testimony obtain affirmative relief.

We conclude that, notwithstanding the fact that it appears prima facie (the record containing only the evidence introduced by petitioners) that the property described in the deed from Mr. and Mrs. Anderson requires a way of necessity, and that, under ordinary circumstances, an order of condemnation would be granted awarding the owners of the tract some method of ingress and egress, on the record before us we cannot but hold, as did the trial court, that petitioners, under their own testimony, demonstrated that the deed upon which they rely is insufficient to entitle them to the relief which they sought.

The judgment appealed from dismissed the proceeding with prejudice. This, of course, applies only to

the deed above referred to, and would not bar another proceeding based upon any subsequent conveyance.

Judgment affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.